IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERSHIGS, INC., a Washington Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>MIR INDUSTRIAL LLC, a Utah Limited Liability Company<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 24), AND ORDER TO SHOW CAUSE**<br><br>Case No. 2:16-cv-00258-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Ershigs, Inc. ("Ershigs") moves the Court[1] for summary judgment on its breach of contract claim against Defendant MIR Industrial LLC ("MIR"). MIR did not file an opposition to Ershigs's Motion for Summary Judgment ("Motion"). However, Ershigs fails to allege facts sufficient to establish the Court's subject matter jurisdiction to hear this case. This failure alone necessitates the denial of Ershigs's Motion. Furthermore, the contract forming the basis for Ershigs's claims against MIR contains a forum selection clause mandating that the parties resolve their disputes in "the courts of the State of Washington located in Whatcom County," and a choice of law provision requiring that the contract "be construed in accordance with the laws of the State of Washington." (Terms & Conditions ¶ 12, ECF Nos. 2-3 & 24-2.) Should Ershigs

---

[1] The parties consented to proceed before the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 21.)

demonstrate this Court's subject matter jurisdiction, it should prepare to address the issues raised by the forum selection clause and the choice of law provision.

Accordingly, the Court DENIES Ershigs's Motion and ORDERS Ershigs to SHOW CAUSE why the Court should not dismiss the action for lack of subject matter jurisdiction within fourteen (14) days of this Order.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), courts grant summary judgment if the movant shows no genuine dispute as to any material fact exists, and "the movant is entitled to judgment as a matter of law." The party moving for "summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). Courts grant summary judgment "only when the moving party has met its burden of production" under Rule 56. Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002).

A court must make this determination even where, as in this case, a party fails to respond to a motion for summary judgment. "[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." Reed, 312 F.3d at 1195. "If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." Id. at 1194–95. "If the evidence produced in support of the summary judgment

2

motion does not meet this burden, 'summary judgment must be denied <u>even if no opposing evidentiary matter is presented</u>.'" <u>Id.</u> at 1194 (emphasis in original) (quoting <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 160 (1970)).

The Court notes that Ershigs's Motion relies solely on its Complaint, MIR's Answer, and three of the documents attached to the Complaint. (Mot. 5, ECF No. 24.) The Court also notes, without determining the sufficiency, that Ershigs did not cite any authority on judicial admissions to support its argument that MIR's purported admissions in its Answer establish all elements of Ershigs's breach of contract claim. Nor did Ershigs present any other evidence, such as affidavits or declarations, testimony, discovery responses, or other materials to support its Motion.

## SUBJECT MATTER JURISDICTION

Before ruling on the merits of a case, the Court must determine whether it holds subject matter jurisdiction over Ershigs's claims. <u>See</u> <u>Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.</u>, 549 U.S. 422, 430–31 (2007) (requiring findings of subject matter and personal jurisdiction prior to reaching a case's merits). Federal district courts hold limited subject matter jurisdiction; the Constitution and acts of Congress set forth the scope of their authority. <u>Radil v. Sanborn W. Camps, Inc.</u>, 384 F.3d 1220, 1225 (10th Cir. 2004). Even when no party questions subject matter jurisdiction, a federal court holds "an independent obligation to determine whether subject-matter jurisdiction exists." <u>1mage Software, Inc. v. Reynolds & Reynolds Co.</u>, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006)). "Parties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction." <u>Henry v. Office</u>

of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).

Subject matter jurisdiction arises through one of two ways. First, Congress grants federal district courts diversity jurisdiction "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States.'" Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015), cert. denied, 578 U.S. —, 136 S. Ct. 1714 (2016) (quoting 28 U.S.C. § 1332). Second, Congress provides the federal district courts with federal question jurisdiction "over civil actions arising under the Constitution, laws, or treaties of the United States." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331).

The Complaint alleges diversity jurisdiction. (Compl. ¶ 5, ECF No. 2.) The Complaint sets forth an amount in controversy in excess of the statutory requirement for the Court to have diversity jurisdiction. (Id. 9-11.) However, neither the Complaint nor the Motion contains sufficient facts about the citizenship of MIR for the Court to conclude it has jurisdiction to decide this matter.

To invoke diversity jurisdiction, "the citizenship of all defendants must be different from the citizenship of all plaintiffs." McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). Consideration of subject matter jurisdiction includes a determination as to whether diversity of citizenship exists and must occur prior to reaching the merits of an action. Lompe v. Sunridge Partners, LLC, 818 F.3d 1041, 1046 (10th Cir. 2016) (describing a court's obligation to determine whether jurisdiction exists). "Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities'

4

members." Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990) & ConAgra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d 1175, 1180 (10th Cir. 2015)).

The Complaint alleges that MIR is a Utah limited liability company with its principal place of business in Utah, (Compl. ¶ 2, ECF No. 2), but makes no allegations about the citizenship of its members. Absent such information, the Court cannot determine whether it has jurisdiction to hear the case. For this reason alone, the Court must DENY Ershigs's Motion for Summary Judgment. To resolve this problem, the Court ORDERS Ershigs to SHOW CAUSE why the Court should not dismiss the action for lack of subject matter jurisdiction within fourteen (14) days of this Order.

If this Court has jurisdiction, the parties should be prepared to address the following issues going forward.

## FORUM NON CONVENIENS

The contract in this case—which the parties agree consists of a Purchase Order and Terms and Conditions (Compl. ¶ 10, ECF No. 2; Answer ¶ 1, ECF No. 8)—contains a forum selection clause. That provision states: "If a dispute arises under this Agreement, the parties agree that jurisdiction and venue shall be in the courts of the State of Washington located in Whatcom County. Jurisdiction and venue as set forth shall be exclusive." (Terms & Conditions ¶ 12, ECF Nos. 2-3 & 24-2 (emphasis added).)

This forum selection clause appears to mandate that "exclusive" jurisdiction and venue over a dispute arising out of the contract lies in Washington state courts in

5

Whatcom County.  See, e.g., Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997) (construing forum selection clause that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" as a mandatory forum selection clause requiring parties to bring actions in the state district court of El Paso County only).  Courts evaluate forum selection clauses pointing to a nonfederal forum through the forum non conveniens doctrine.  See Atl. Marine Constr. Co. v. U.S. Dist. Ct., 571 U.S. __, 134 S. Ct. 568, 580 (2013).  "[F]orum-selection clauses should control except in unusual cases."  Id. at 582.

## CHOICE OF LAW

In its Motion, Ershigs applies Utah law to its breach of contract claim against MIR.  (Mot. 3-6, ECF No. 24.)  However, the contract at issue contains a choice of law provision stating:  "This Agreement is made with reference to and shall be construed in accordance with the laws of the State of Washington."  (Terms & Conditions ¶ 12, ECF Nos. 2-3 & 24-2.)

## CONCLUSION

The Court DENIES Ershigs's Motion for Summary Judgment because Ershigs fails to allege facts sufficient to show that the Court has subject matter jurisdiction to decide this case. Additionally, the Court ORDERS Ershigs to SHOW CAUSE why the Court should not dismiss the action for lack of subject matter jurisdiction within fourteen (14) days of this Order.

DATED this 27th day of September 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge